# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20745
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2019

Lyle W. Cayce
Clerk

BLANCO WEST PROPERTIES, L.L.C.,

     Plaintiff - Appellant

v.

ARCH SPECIALTY INSURANCE COMPANY,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-897

Before JONES, COSTA, and OLDHAM, Circuit Judges.

PER CURIAM:*

    This case is a contract dispute between the owner of a shopping center (Blanco West) and an insurance company. The roof of the commercial property, located in San Antonio, was damaged in a hail storm in April 2016. Blanco West's owner, who lives in Houston, did not discover the damage until October 2017 and did not file a claim until November 2017. The insurance company

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied the claim because the parties' insurance contract contained an endorsement that explicitly required hail-related claims to be brought within one year. The district court, in a comprehensive opinion discussing Texas and Fifth Circuit precedent, granted summary judgment to the insurer. We affirm.

On appeal, Blanco West contends that an insurance company must show that it has been prejudiced by an insured's failure to file a claim within the express reporting period specified by an endorsement to the insurance contract before it can deny coverage for the claim.

The commercial property coverage of the policy reflects that Arch's policy covered windstorm and hail damage "subject to all the terms of this Policy." Originally, the insured's duty under this coverage was to provide "prompt notice" of any loss or damage, but the Windstorm or Hail Loss Conditions Amendment was an endorsement that provided "THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY." Stating that this was "agreed," the amended policy language stated: "In addition to your obligation to provide us with prompt notice of loss or damage, with respect to any claim wherein notice of the claim is reported to us more than one year after the reported date of loss or damage, this policy *shall not provide coverage for such claims.*" (Emphasis added).

Blanco West is correct that case law has required insurers to show prejudice following the insured's breach of general provisions requiring notice of loss or damage "as soon as practicable" (and variations thereof). In this instance, however, shifting the burden is not required. Here, the parties signed a very specific endorsement to a commercial insurance policy that required Blanco West to submit claims for losses "caused by or resulting from windstorm or hail" within one year. Although no opinion issued by the Supreme Court of Texas speaks to the specific facts in this case, the district court conducted a thorough review of Texas insurance cases and concluded as follows:

No. 18-20745

"The Endorsement provides that the Policy 'shall not provide coverage' for claims that are reported to Arch more than one year after the date of loss or damage. Unlike provisions requiring 'prompt notice' or notice 'as soon as practicable,' the Endorsement's one-year notice provision establishes a specific deadline for notice. The Court views this as a significant distinction between the notice provision in the Endorsement and the general 'prompt' or 'as soon as practicable' notice provisions in *PAJ* [*Inc. v. The Hanover Ins. Co.,* 243 S.W.3d 630 (Tex. 2008)] and *Prodigy* [*Comms. Corp. v. Agric. Excess & Surplus Ins. Co.,* 288 S.W.3d 374 (Tex. 2009)] that the Texas Supreme Court held require a showing of prejudice." *See also Matador Petrol. Corp. v. St. Paul Surplus Lines Ins. Co.,* 174 F.3d 653, 659 (5th Cir. 1999) (court upholds 30-day notice provision in a commercial policy endorsement, stating that under the plain language of the endorsement, the insured "received what it bargained for…, with premiums presumably reduced to reflect the limited coverage….").

After careful review of the parties' briefs, case law, and pertinent portions of the record, this court **AFFIRMS** the judgment for substantially the reasons articulated in the district court's opinion.